E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Chief, Criminal Division
BILLY JOE MCLAIN (Cal. Bar No. 290682)
KEVIN J. BUTLER (Cal. Bar No. 329129)
VARUN BEHL (Cal. Bar No. 295509)
Assistant United States Attorneys
        15/14/1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-6702/6495/0687
        Email:    billy.mclain@usdoj.gov
                  kevin.butler2@usdoj.gov
                  varun.behl@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-00033-AB |
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANT'S GANG EXPERT |
| v. | |
| ANTONIO YANEZ, aka "Tank," JUSTIN ARTEAGA, aka "Hitta," and JESUS HERNANDEZ, aka "Rowdy," | Trial Date:   June 24, 2024 Hearing Date: First Available |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Billy Joe McLain, Kevin Butler, and Varun Behl, hereby files its Motion in Limine to Exclude Defendant's Gang Expert.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 20, 2024                    Respectfully submitted,

                                        E. MARTIN ESTRADA
                                        United States Attorney

                                        MACK E. JENKINS
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                              /s/
                                        BILLY JOE MCLAIN
                                        KEVIN J. BUTLER
                                        VARUN BEHL
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

I.   ARGUMENT

Defendant provided notice of his gang expert's anticipated testimony today – three days before trial.  It's not expert testimony.  It's a mishmash of unmoored speculation, irrelevant and conclusory statements, backdoor channeling of defendant's hearsay, attorney argument, and improper opinion on the ultimate issue – all labeled "expert testimony."  See Exhibit 1.

Indeed, defendant noticed the following "expert testimony":

- "Mr. Arteaga was not the aggressor on the events that caused the homicide of either decedent";

- "The group of people went to investigate the potential threat that an unknown vehicle and unknown individuals could pose to the people located in the front of the residence where Mr. Arteaga was at";

- "On most occasions it is not foreseeable that a shooting will be the result of that type of confrontation, even if gang members are involved.  In most cases, the issue is addressed and both parties move on, especially when the other group is not a rival gang";

- "Mr. Arteaga went with his friends to address the group's concerns, but did not have the expectation that a shooting was going to take place.  The fact that Mr. Arteaga was not the aggressor indicates that his participation was not done to gain status in the gang." (emphasis added). It is common in gang and non gang culture to go with your fellow friends or gang members to inquire about a potential concern, problem or conflict.  Mr. Arteaga did not initiate any action on behalf of the group, nor did he escalate the situation. (emphasis added). It is common in gang and non gang culture to help your fellow friends and gang members.

- "Perkins operations are normally conducted by using an older and experienced gang member.  In most of these situations the target is put in a compromising situation where they must present themselves as having been more involved in order to survive the perceived threat in the confined space." (emphasis added).

- "The statements of cooperating individuals/defendants tend to be very self-serving to the individual providing those statements.  Those individuals tend to provide partial truths and minimize their role in the alleged crimes.  Cooperating defendants tend to provide inconsistent statements and will provide incriminating information towards the remaining defendants."

- "A tattoo with the name 'Gardena' by itself is not necessarily a gang tattoo.  Such a tattoo can be regarded as a 'geographical tattoo', referencing a geographical area.

See Ex. 1.

In federal court, rules govern the admissibility of expert testimony.  Rule 702 says, in relevant part:

> "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702 (emphasis added).  A key question under Rule 702 is "[w]hether the untrained layman would be qualified to determine intelligently and to the best degree, the particular issue without enlightenment from those having a specialized understanding of the subject matter involved." United States v. Finley, 301 F.3d 1000, 1013–14 (9th Cir. 2002) (quoting United States v. Shay, 57 F.3d 126, 132 (1st Cir. 1995)); see also Fed. R. Evid. 702 Advisory Committee's Note to 1972 Amendment (same).

As an initial matter, large portions of defendant's proposed expert testimony consist of no more than improperly laying the

2

gloss of expert opinion on facts that jurors can decide for themselves:

- "Mr. Arteaga was not the aggressor on the events that caused the homicide of either decedent";

- "The group of people went to investigate the potential threat that an unknown vehicle and unknown individuals could pose to the people located in the front of the residence where Mr. Arteaga was at";

- "Mr. Arteaga did not initiate any action on behalf of the group, nor did he escalate the situation";

- "A tattoo with the name 'Gardena' by itself is not necessarily a gang tattoo.  Such a tattoo can be regarded as a 'geographical tattoo', referencing a geographical area.

None of the above are opinion based on specialized knowledge or expertise, it's just usurping the jury's role of determining what happened or repackaging common sense points.  It should be excluded.

Second, and the worst offender, defendant's noticed expert testimony violates Rule 704(b), which precludes any defense expert from testifying about defendant's mental state – particularly his purpose (or lack thereof) when murdering E.C.  Indeed, Rule 704(b)'s plain language states:

> "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."

Fed. R. Evid. 704(b).

Nevertheless, defendant's noticed testimony states:

- "The fact that Mr. Arteaga was not the aggressor indicates that his participation was not done to gain status in the gang."

Literally today, June 20, 2024, the Supreme Court reiterated that this is not allowed: "Rule 704(b) . . . prohibits 'only expert

3

opinions about a particular person ('the defendant') and a particular
ultimate issue (whether the defendant has 'a mental state or
condition' that is 'an element of the crime charged or of a
defense.'" <u>Diaz v. United States</u>, No. 23-14, 2024 WL 3056012, at *7
(U.S. June 20, 2024) (Jackson, J., concurring). The Court should
preclude it.

     Third, defendant's effort to introduce expert testimony is
clearly an attempt to backdoor defendant's hearsay and avoid the need
for defendant to take the stand.  Defendant offers:

- "Mr. Arteaga went with his friends to address the group's
  concerns, but did not have the expectation that a shooting
  was going to take place."

There is simply no supportable basis for this "opinion" other than
defendant's hearsay.  See <u>United States v. Garcia</u>, 793 F.3d 1194,
1213 (10th Cir. 2015) ("If an expert simply parrots another
individual's out-of-court statement, rather than conveying an
independent judgment that only incidentally discloses the statement
to assist the jury in evaluating the expert's opinion, then the
expert is, in effect, disclosing that out-of-court statement for its
substantive truth; the expert thereby becomes little more than a
backdoor conduit for an otherwise inadmissible statement."); <u>see also</u>
Fed. R. Evid. 703 ("[I]f the facts or data would otherwise be
inadmissible, the proponent of the opinion may disclose them to the
jury only if their probative value in helping the jury evaluate the
opinion substantially outweighs their prejudicial effect.").[1]

---

[1] It's also not reasonably disputable that defendant – who apparently
didn't have the expectation that a shooting was going to take place –
was carrying a loaded gun.

4

1   Fourth, defendant notices expert testimony to apparently malign

2   cooperator testimony:

- "The statements of cooperating individuals/defendants tend
  to be very self-serving to the individual providing those
  statements.  Those individuals tend to provide partial
  truths and minimize their role in the alleged crimes.
  Cooperating defendants tend to provide inconsistent
  statements and will provide incriminating information
  towards the remaining defendants."

8   This is plainly inadmissible.  "[E]xpert opinions that constitute

9   evaluations of witness credibility, even when such evaluations are

10  rooted in scientific or technical expertise, are inadmissible under

11  Rule 702." Nimely v. City of New York, 414 F.3d 381, 398 (2d Cir.

12  2005) (Calabresi, J.); Cf. United States v. Candoli, 870 F.2d 496,

13  506 (9th Cir. 1989) ("The jury must decide a witness' credibility.

14  An expert witness is not permitted to testify specifically to a

15  witness' credibility or to testify in such a manner as to improperly

16  buttress a witness' credibility."); United States v. Adams, 271 F.3d

17  1236, 1245 (10th Cir. 2001) ("expert testimony which does nothing but

18  vouch for the credibility of another witness encroaches upon the

19  jury's vital and exclusive function to make credibility

20  determinations, and therefore does not assist the trier of fact as

21  required by Rule 702").  To be sure, federal rules exist to test the

22  credibility of witnesses, see, e.g., Fed. R. Evid. 607, 608, 609, but

23  expert testimony under Rule 702 is not one of them.

24  Fifth, defendant's proposed expert testimony regarding Perkins

25  operations lacks any apparent basis:

- "Perkins operations are normally conducted by using an
  older and experienced gang member.  In most of these
  situations the target is put in a compromising situation
  where they must present themselves as having been more

5

<u>involved in order to survive the perceived threat in the</u>
<u>confined space</u>." (emphasis added).

"To carry out its gatekeeping role, a district court must find that an expert's testimony is reliable – an inquiry that focuses not on what the experts say, or their qualifications, but what basis they have for saying it." <u>United States v. Holguin</u>, 51 F.4th 841, 854 (9th Cir. 2022).  It's totally unclear what "compromising situation" means, let alone what the basis for that opinion is.

Finally, defendant's proposed expert testimony is rife with minimal probative value under Rule 401, but with significant dangers of confusing jurors about what matters in this case under Rule 403. For example:

- "Mr. Arteaga was not the aggressor on the events that caused the homicide of either decedent";

- "On most occasions it is not foreseeable that a shooting will be the result of that type of confrontation, even if gang members are involved."

The bottom line is simple.  Defendant's able counsel can make these arguments to the jury and point out these issues during cross examination.  Defendant's noticed expert testimony is nothing more than repackaged attorney argument and defendant testimony.  It is improper under the federal rules, it should be excluded.

**II. CONCLUSION**

For the above reasons, the Court should grant the government's motion <u>in</u> <u>limine</u>.

6

<u>DECLARATION OF BILLY JOE MCLAIN</u>

I, Billy Joe McLain, declare as follows:

I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California. Along with AUSAs Kevin J. Butler and Varun Behl, I represent the United States in <u>United States v. Hernandez et al.</u>, 21-CR-33-AB.  I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

1.   Attached hereto as Exhibit 1 is a copy of the expert Martin Flores's noticed opinions, which was received via email on June 20, 2024.

2.   Attached hereto as Exhibit 2 is a copy of expert Martin Flores's prior testimony and CV, which were received before today.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on June 20, 2024.


_____
Billy Joe McLain