E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BILLY JOE MCLAIN (Cal. Bar No. 290682)
KEVIN J. BUTLER (Cal. Bar No. 329129)
VARUN BEHL (Cal. Bar No. 295509)
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6702/6495/0687
     Facsimile: (213) 894-0141
     Email:     billy.mclain@usdoj.gov
                kevin.butler2@usdoj.gov
                varun.behl@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>       v.<br><br>ANTONIO YANEZ,<br>   aka "Tank,"<br>JUSTIN ARTEAGA,<br>   aka "Hitta," and<br>JESUS HERNANDEZ,<br>   aka "Rowdy,"<br><br>    Defendants. | No. CR 21-00333-AB<br><br>GOVERNMENT'S TRIAL MEMORANDUM<br><br>Trial Date:  June 24, 2024<br>Trial Time:  8:30 a.m.<br>Location:    Courtroom of the<br>             Honorable Andre<br>             Birotte Jr. |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Billy Joe McLain,

//

//

//

Kevin J. Butler, and Varun Behl, hereby submits its trial memorandum in the above-captioned case.

Dated: June 21, 2024              Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

          */s/*
BILLY JOE MCLAIN
KEVIN J. BUTLER
VARUN BEHL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

**Table of Contents**

TRIAL MEMORANDUM...................................................1

I.   STATUS OF THE CASE...........................................1

     A.   Trial Schedule..........................................1

     B.   Witnesses...............................................1

II.  STATEMENT OF THE CHARGE AGAINST DEFENDANT....................1

III. STATEMENT OF FACTS...........................................2

IV.  MOTIONS IN LIMINE............................................2

     A.   Government's Motion to Preclude Defendant from Raising
          Self-Defense and Duress Defense (Moot)..................2

     B.   Government's Motion to Admit Defendant's Statements to
          a Perkins Operator and Detectives (Granted).............2

     C.   Government's Motion to Admit 911 Call (Granted).........3

     D.   Government's Motion to Admit Enterprise Evidence
          (Granted)...............................................3

     E.   Government's Motion to Exclude Improper Argument
          Regarding Causation and Request to Adopt the
          Government's Proposed Jury Instruction (Denied without
          Prejudice)..............................................3

     F.   Government's Motion to Allow Photographs Documenting
          Bullet Wounds to E.C.'s Body and Body Camera Footage
          of E.C. and Crime Scene (Denied without Prejudice)......4

     G.   Government's Motion to Preclude Defendant from
          Reference or Argument Before the Jury about
          Defendant's Penalty upon Conviction (Granted)...........4

     H.   Government's Motion to Compel Reciprocal Discovery and
          Expert Notice and to Preclude Unproduced Discovery and
          Expert Testimony from Trial (Deferred)..................4

     I.   Government's Motion to Exclude Inadmissible
          Impeachment Information Regarding a Government Witness
          (Granted in Part, Denied in Part).......................5

V.   EVIDENTIARY ISSUES...........................................5

     A.   Stipulations............................................5

     B.   Defendant May Not Introduce His Statements or His Co-

**TABLE OF CONTENTS (CONTINUED)**

DESCRIPTION                                                          PAGE

      Conspirators' Statements because they are Hearsay.........5

      1.   Co-Conspirator Statements............................7

VI.  CONCLUSION...................................................9

**TRIAL MEMORANDUM**

**I.   STATUS OF THE CASE**

   **A.   Trial Schedule**

Jury trial is set to begin with jury selection on June 24, 2024, at 8:30 a.m. The government estimates about five days for its case-in-chief, including jury selection. The government anticipates calling about 18 witnesses, though several will be limited to discrete topics, such as chain of custody or collection of evidence. Justin Arteaga, also known as "Hitta" ("defendant"), is detained pending trial.

   **B.   Witnesses**

The government has filed its witness list with the Court, identifying each type of witness, which generally fall into three categories, law enforcement witnesses, expert witnesses, and civilian witnesses.

**II.   STATEMENT OF THE CHARGE AGAINST DEFENDANT**

The defendant is charged in a single count First Superseding Indictment, which alleges that defendant violated 18 U.S.C. § 1951(a)(1), 2(a): Violent Crime in Aid of Racketeering, and Aiding and Abetting the same.

The government has dismissed Count 2 and is proceeding to trial against defendant on Count 1.[1]

---

[1] On May 20, 2024, the Court granted the Government's <u>Ex Parte</u> Application to Dismiss without Prejudice Count 2, Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation To a Crime of Violence Resulting in Death. Dkt. 216.

**III. STATEMENT OF FACTS**

The government has set forth the facts of this case in multiple charging documents and motions and pretrial litigation in this case. Dkts. 1, 50, 199-204.

**IV. MOTIONS IN LIMINE**

    **A. Government's Motion to Preclude Defendant from Raising Self-Defense and Duress Defense (Moot).**

The government filed a Motion to Preclude Defendant from Raising Self-Defense and/or Duress. Dkt. 172. Defendant opposed this motion by stating only that defendant is entitled to present its own theory of the case and present evidence in accordance with that. Dkt. 199. As such, defendant conceded that no such defense would be raised and the Court found the government's motion to be moot. Dkt. 207.

    **B. Government's Motion to Admit Defendant's Statements to a <u>Perkins</u> Operator and Detectives (Granted).**

The government filed a Motion to Admit Defendant's Statements to a <u>Perkins</u> Operator and Detectives. Dkt. 174. Defendant opposed the motion arguing defendant's statements were involuntary. Dkt. 200. In the alternative, defense argued that it should be allowed to introduce relevant portions of those statements, apparently to include self-serving hearsay.[2] <u>Id.</u> The Court granted the government's motion. Dkt. 207.

---

[2] The Court instructed the parties to meet-and-confer over any additional statements that defendant believes should be admitted under the rule of completeness. On May 21, 2024, government counsel provided defense counsel with transcripts highlighting the portions of the <u>Perkins</u> audio and post-<u>Miranda</u> interview audio and asking defendant to identify any such additional statements he believes are admissible. The government asked for such information by June 7, 2024. To date, defendant has not identified any such portions.

**C. Government's Motion to Admit 911 Call (Granted).**

Defendant filed a Motion to Admit 911 Call. Dkt. 175. The government sought to admit the victim's father's call to 911 as a present sense impression, excited utterance, and certified business record under Rule 902(11)/803(6). Defendant did not object. Dkt. 201. The Court granted the government's motion. Dkt. 207.

**D. Government's Motion to Admit Enterprise Evidence (Granted).**

The government filed a motion to Admit Enterprise Evidence. Dkt. 176. The government sought to introduce evidence of defendant's prior instances of G13 graffiti, wearing G13 clothing and accessories, possession of a firearm, and matching tattoos. Defendant opposed arguing that the government sought to introduce other bad acts.[3] Dkt. 202. The Court granted the government's motion, except the introduction of graffiti associated with defendant's August 16, 2018 encounter with police. Dkt. 207.

**E. Government's Motion to Exclude Improper Argument Regarding Causation and Request to Adopt the Government's Proposed Jury Instruction (Denied without Prejudice).**

The government filed a Motion to Exclude Improper Argument Regarding Causation and Request to Adopt the Government's Proposed Jury Instruction. Dkt. 194. The government moved to exclude defendant from arguing that the government has any burden to show that bullets from defendant's gun killed – or even that they struck - E.C. to prove that defendant murdered E.C. and to admit the government's proposed jury instruction. Id. Again, defendant opposed arguing only that defendant is entitled to present his own theory of the case and that any ruling should be made after the

---

[3] As stated in the government's motion, the evidence is equally admissible under Rule 404(b).

3

presentation of evidence.  Dkt. 203.  The Court denied the government's motion without prejudice.  Dkt. 207.

    **F.**    **Government's Motion to Allow Photographs Documenting Bullet Wounds to E.C.'s Body and Body Camera Footage of E.C. and Crime Scene (Denied without Prejudice).**

The government filed a Motion to Allow Photographs Documenting Bullet Wounds to E.C.'s Body and Body Camera Footage of E.C. and Crime Scene.  Dkt. 195.  Defendant opposed the motion.  Dkt. 204.  The Court denied the government's motion without prejudice.  Dkt. 207.  At the final pretrial conference, held on June 17, 2024, the Court ruled Government's Exhibits 21, 23, 25, 26, 27, 28, 29, 32, 45, 48, 64, 72, 93, 94, 103, 106, 139, 162, 163, and 164, were admissible.  Dkt. 239.

    **G.**    **Government's Motion to Preclude Defendant from Reference or Argument Before the Jury about Defendant's Penalty upon Conviction (Granted).**

The government filed a Motion to Preclude Defendant from Reference or Argument Before the Jury about Defendant's Penalty upon Conviction.  Dkt. 214.  Defendant did not oppose.  The Court granted the government's motion.  Dkt. 239.

    **H.**    **Government's Motion to Compel Reciprocal Discovery and Expert Notice and to Preclude Unproduced Discovery and Expert Testimony from Trial (Deferred).**

The government filed a Motion to Compel Reciprocal Discovery and Expert Notice and to Preclude Unproduced Discovery and Expert Testimony from Trial.  Dkt. 215.  The Court has deferred ruling on that motion but ordered defendant to produce expert notice in compliance with Rule 16 by June 20, 2024.  Dkt. 239.  Defendant provided notice and the government has now moved to exclude defendant's expert.  Dkt. 238.

**I. Government's Motion to Exclude Inadmissible Impeachment Information Regarding a Government Witness (Granted in Part, Denied in Part).**

The government filed, under seal, a Motion to Exclude Inadmissible Impeachment Information Regarding Government Witnesses. Dkt. 224. The Court granted that motion, except as to one witness, a medical examiner investigator. Dkt. 239.

**V. EVIDENTIARY ISSUES**

**A. Stipulations**

The parties have not entered any stipulations regarding exhibits.

**B. Defendant May Not Introduce His Statements or His Co-Conspirators' Statements because they are Hearsay**

Under the Federal Rules of Evidence, a defendant's statement is admissible only if offered against him; a defendant may not elicit his own prior statements. See Fed. R. Evid. 801(d)(2)(A); United States v. Fernandez, 839 F.2d 639 (9th Cir. 1988). To permit otherwise would place a defendant's statements "before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids." United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (holding that the district court properly barred defendant from seeking to introduce his exculpatory post-arrest statements through cross-examination of an INS agent); United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir. 1999) ("a defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross examination").

When the government admits some of a defendant's prior statements, the door is not thereby opened to the defendant to put in all of his out-of-court statements, because when offered by the

1  defendant, the statements are hearsay.  See Fed. R. Evid. 801(d)(2);
2  United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981);
3  United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985)
4  (defendant's exculpatory statement inadmissible when offered by
5  defense).
6      Similarly, a defendant's exculpatory statements are not
7  admissible under Federal Rule of Evidence 106, the "rule of
8  completeness."  Evidence that is inadmissible is not made admissible
9  by invocation of the "rule of completeness."  See United States v.
10 Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (hearsay not admissible
11 regardless of Rule 106).  As the Ninth Circuit noted in Ortega, a
12 defendant's non-self-inculpatory statements are inadmissible hearsay
13 even if they were made contemporaneously with other self-inculpatory
14 statements.  Ortega, 203 F.3d at 682 (citing Williamson v. United
15 States, 512 U.S. 594, 599 (1994)).
16     The "rule of completeness" may require that all of a defendant's
17 prior statements be admitted only where it is necessary to explain an
18 admitted statement, to place it in context, or to avoid misleading
19 the trier of fact.  See, e.g., United States v. Marin, 669 F.2d 73,
20 84 (2d Cir. 1982).  The doctrine does not, however, require
21 introduction of portions of a statement that are neither explanatory
22 of, nor relevant to, the admitted passages.  See Ortega, 203 F.3d at
23 682-683; Marin, 669 F.2d at 84.  The burden is on the defendant to
24 identify a basis for admitting the additional portions of the
25 defendant's prior statement.  United States v. Branch, 91 F.3d 699,
26 729 (5th Cir. 1996).  To date, defendant has not indicated that any
27 of the statements the government wishes to introduce require
28 additional statements under the completeness doctrine.

6

As stated above, the government notified defendant of the portions of defendant's statements to a Perkins operator and to law enforcement in his post-Miranda interview in its motion in limine filed on February 9, 2024. After the Court's hearing on that motion, on May 21, 2024, the government again asked for any statements defendant believes must be included under the rule of completeness. Defendant has not identified any such portions.

### 1. Co-Conspirator Statements

The government will move to admit statements made by co-conspirators in furtherance of a conspiracy and in furtherance of Gardena 13, a racketeering enterprise. As set forth in previous motions, Dkt. 188, in a RICO or VICAR case, courts have held that evidence about the gang's activity or a defendant's prior involvement in, association with, or membership in the gang enterprise is essential "in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime" and therefore not subject to 404(b) limitations. United States v. DeGeorge, 380 F.3d 1203, 1219 (9th Cir. 2004). The same is true for co-conspirator statements for members of that enterprise. See, e.g., United States v. Larson, 460 F.3d 1200 (9th Cir. 2006).

The statements include communications about defendant's desire to join Gardena 13, his discussions about joining on the night of the murder, and communication afterward regarding obtaining Gardena 13 tattoos. All are admissible.

        *a.   Statements Made During the Course of the Conspiracy*

A statement made by one co-conspirator during the course and in furtherance of a conspiracy may be used against another co-

7

conspirator because such statements are not hearsay.  Fed. R. Evid. 801(d)(2)(E); Bourjaily v. United States, 483 U.S. 171, 183 (1987). A statement admitted under Rule 801(d)(2)(E) does not violate the Confrontation Clause, and no independent inquiry into reliability is needed.  Bourjaily, 483 U.S. at 183-84; United States v. Knigge, 832 F.2d 1100, 1107 (9th Cir. 1987), amended 846 F.2d 591 (9th Cir. 1988).  Rule 801(d)(2)(E) requires a foundation that: (1) the declaration was made during the life of the scheme; (2) the declaration was made in furtherance of the scheme; and (3) there is, including the co-schemer's declaration itself, sufficient proof of the existence of the scheme and defendant's connection to it. Bourjaily, 483 U.S. at 173, 181; United States v. Smith, 893 F.2d 1573, 1578 (9th Cir. 1990).  These foundational requirements must be established by a preponderance of the evidence.  Bourjaily, 483 U.S. at 175; United States v. Schmit, 881 F.2d 608, 610 (9th Cir. 1989). The Court can conditionally admit co-conspirator statements subject to a further foundation being laid.  United States v. Arbelaez, 719 F.2d 1453, 1460 (9th Cir. 1983); United States v. Kenny, 645 F.2d 1323, 1333-34 (9th Cir. 1981).

   Further, because the co-conspirator exception under the Federal Rules of Evidence is predicated on agency theory – not criminal conspiracy law – the admission of co-conspirator statements is not limited to the statements of individuals charged in the conspiracy and includes statements of others in furtherance of any joint venture.  United States v. Layton, 855 F.2d 1388, 1398 (9th Cir. 1988), overruled on other grounds by United States v. George, 960 F.2d 97 (9th Cir. 1992).

       *b.* *Statements Made Before Defendant Joined the Conspiracy*

A co-conspirator statement made before a defendant joined the conspiracy is also admissible because it is not hearsay. See United States v. Segura-Gallegos, 41 F.3d 1266, 1272 (9th Cir. 1994) ("Statements of his co-conspirators are not hearsay even if made prior to the defendant joining the conspiracy."); United States v. DiCesare, 765 F.2d 890, 900 (9th Cir.), amended on other grounds, 777 F.2d 543 (1985) ("'[A] conspirator who joins a pre-existing conspiracy is bound by all that has gone on before in the conspiracy."); United States v. Adamo, 882 F.2d 1218, 1230–31 (7th Cir. 1989) ("[I]t is well established that a defendant who joins a conspiracy '[takes] the conspiracy as he found it.  When he joined and actively participated in it he adopted the previous acts and declarations of his fellow co-conspirators.' (alteration in original) (quoting United States v. Coe, 718 F.2d 830, 839 (7th Cir. 1983)); United States v. Anderson, 532 F.2d 1218, 1230 (9th Cir. 1976) ("Statements of a co-conspirator are not hearsay even if made prior to the entry of the conspiracy by the party against whom it is used."); United States v. Little, No. CR 08-0244 SBA, 2012 WL 2563796, at *5 (N.D. Cal. June 28, 2012); see also United States v. Handlin, 366 F.3d 584, 590 (7th Cir. 2004) ("[I]it is irrelevant when [defendant] joined the conspiracy, so long as he joined it at some point.").

## VI. CONCLUSION

The government respectfully requests permission to file additional trial memoranda if necessary.

9

Dated: June 21, 2024          Respectfully submitted,

                              E. MARTIN ESTRADA
                              United States Attorney

                              MACK E. JENKINS
                              Assistant United States Attorney
                              Chief, Criminal Division


                                      /s/
                              BILLY JOE MCLAIN
                              KEVIN J. BUTLER
                              VARUN BEHL
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA